## Roeder v. Commonwealth

Scott W. Naus, for plaintiff.
Frank Baulk, Assistant Attorney General, for Commonwealth.

MYERS, P.J., March 20, 1979—Plaintiff was convicted of violating The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §1037 (repealed) on June 3, 1976. Section 1037 dealt with operating a motor vehicle while under the influence of intoxicating beverages. Plaintiff's operating privileges were subsequently revoked for a period of one year, from September 12, 1976, to September 12, 1977.

Prior to the expiration of the revocation, plaintiff submitted a license application and proof of insurance to the Bureau of Traffic Safety, as a prerequisite to seeking reinstatement of his operating privileges.

However, these documents were lost by the Bureau of Traffic Safety. Plaintiff then resubmitted the necessary documents, and he was finally issued a learner's permit in February, 1978.

In the meantime, however, on September 18, 1977, plaintiff was arrested and charged with a violation of 75 Pa.C.S.A. §1543, which deals with driving under revocation. Plaintiff entered a guilty

plea to this charge, and his operating privileges were therefore revoked for an additional period of one year under 75 Pa.C.S.A. §1543(b).

Plaintiff filed an appeal from the second revocation. A hearing was held before us, and the matter is now ready for disposition.

Plaintiff contends that he was not, in fact, guilty of driving under revocation, and that he should have been charged instead with driving without a license. However, in a civil proceeding of this nature, this court is not permitted to inquire into the merits of petitioner's criminal conviction.

Under 75 Pa.C.S.A. §§1532 and 1543(b), the Bureau of Traffic Safety is required to revoke operating privileges for an additional period of one year upon receipt of a certified record of conviction of driving under revocation. The bureau has no discretion in this matter; the additional one-year revocation is mandated by statute.

Under the former Vehicle Code of 1959, the bureau did have discretionary authority to determine whether a revocation should be imposed for the type of violation which occurred in the instant case. See 75 P.S. §§616, 618, and 619.1 (repealed). Since the bureau's authority was formerly discretionary, the manner in which that discretion was exercised was reviewable by the courts.

Under the present Vehicle Code, however, this court is precluded from examining petitioner's conviction or the merits of the most recent revocation imposed by the bureau. If plaintiff desires to challenge the revocation, he must begin by attacking his criminal conviction directly. We cannot permit plaintiff to attack the criminal conviction in a collateral civil proceeding such as this.

## ORDER

And now, March 20, 1979, after hearing de novo, plaintiff's appeal is dismissed. The supersedeas heretofore granted is rescinded, and the secretary is authorized to reinstate the revocation heretofore imposed.